FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JDM: USAO#2014R00719

ARH
2/2/15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) BY_____) DEPUTY | |
| v. | ) | CRIMINAL NO. JFM-15-066 |
| | ) | |
| HILARY GAINEY, | ) | (Conspiracy, 18 U.S.C. § 371; Bribery, |
| | ) | 18 U.S.C. § 201; Aiding and Abetting, |
| | ) | 18 U.S.C. § 2; Conspiracy To Distribute |
| Defendant | ) | And Possess With Intent to Distribute |
| | ) | Marijuana, 21 U.S.C. § 846; Forfeiture) |
| | ) | |

## INFORMATION

### COUNT 1
(Conspiracy)

The United States Attorney for the District of Maryland charges that:

#### Background

At all times relevant to this Indictment:

1. Between in or about April 2013 and January 2015, **HILARY GAINEY** ("**GAINEY**") was employed by the United States Postal Service ("USPS") as a Letter Carrier. Between in or about August 2013 and January 2015, she was assigned to Postal Carrier Route #4405, servicing the Columbia, Maryland area, ZIP Code 21044.

2. As a Letter Carrier employed by USPS, **GAINEY** was a public official as defined by 18 U.S.C. § 201(a)(1), that is, she was "an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof . . . in any official function, under or by authority of any such department, agency, or branch of Government . . . ."

3. As a USPS Letter Carrier, **GAINEY** had, as part of her official duties, the responsibility to deliver packages sent via USPS along her assigned route to the proper addressees. **GAINEY** had, as part of her official duties, the responsibility to keep accurate records of her deliveries, including scanning a package that required tracking as delivered at the proper time and location if in fact it was properly delivered to the addressee at the proper address. If a package were sent to a vacant address or to an addressee who was not affiliated with the address, **GAINEY** had, as part of her official duties, the responsibility to return the package to the post office to return to sender.

4. S.P. was an individual residing in Columbia, Maryland.

5. G.C. was an individual residing in Baltimore, Maryland.

6. In or about December 2013, S.P. approached defendant **GAINEY** and asked her if she would divert, and deliver directly to him, specific packages that he would identify to defendant **GAINEY** that contained contraband, including large quantities of marijuana. In exchange, S.P. offered to pay defendant **GAINEY** up to $100 in U.S. Currency per parcel that she delivered directly to him. **GAINEY** agreed.

7. Later, in or about April 2014, S.P. introduced defendant **GAINEY** to G.C., and instructed that she was to deliver directly to G.C. the packages that he and G.C. would identify.

### The Conspiracy and Its Objects

8. Beginning in or about December 2013 and continuing until approximately January 2015, in Baltimore, Maryland and elsewhere, defendant **GAINEY**, a public official, did knowingly and willfully combine, conspire, confederate, and agree with S.P. and G.C.

and others known and unknown to the United States to commit offenses against the United States, that is:

   a. being a public official, otherwise than as provided by law for the proper discharge of her official duties, to directly and indirectly demand, seek, receive, accept, and agree to receive and accept something of value personally for and because of an official act performed and to be performed by defendant **GAINEY**, in violation of 18 U.S.C. § 201.

9. It was the object of the conspiracy that:

   a. S.P. and G.C. would use defendant **GAINEY's** position and actions as a USPS employee to further their interests in their drug trafficking organization, and offered to pay and did pay money to **GAINEY** for her actions therein, and that **GAINEY** would use her position and actions as a government employee to further the interests of S.P. and G.C., and be offered and receive money for her actions therein; and

   b. Defendant **GAINEY** would conceal from USPS her actions on behalf of S.P. and G.C., and her receipt of money from the same.

**Manner and Means of the Conspiracy**

10. It was a part of the conspiracy that in or about December 2013 through and including in or about January 2015:

   a. packages were sent via U.S. Mail to addresses in the Columbia, Maryland area from locations in California, Arizona, Florida, and other places. These packages were addressed to fictitious addressees, incorrect addresses, and actual addresses along

GAINEY's route, Postal Carrier Route #4405, servicing Columbia, Maryland 21044.

b. S.P. and G.C. would send text messages to defendant **GAINEY** alerting her that a package would soon be sent that they wanted her to deliver directly to one or both of them.

c. Defendant **GAINEY** would retrieve the package and then send text messages or make phone calls to S.P. and G.C., alerting them that the package had arrived at the post office and would be out for delivery along her route.

d. S.P. and G.C. would then send a text message or make a phone call to **GAINEY** instructing her about meeting up to make the delivery.

e. S.P. and G.C. would meet up with **GAINEY** along her route and take possession of the packages they had identified.

f. Defendant **GAINEY** would scan the packages as being delivered to the addressee when in fact they were delivered to S.P. and G.C.

g. After the delivery was made, S.P. and G.C. would pay money to **GAINEY**, usually up to $100 in U.S. Currency.

## Overt Acts

11. In furtherance of the conspiracy and in order to accomplish its objects, the following overt acts, among others, were committed by one or more of the conspirators in Maryland and elsewhere:

    a. In or about December 2013, **GAINEY** met with S.P. and agreed to divert packages to him in exchange for money.

    b. Pursuant to this arrangement, between December 2013 and January 2015, **GAINEY** delivered approximately 100 packages total to S.P. and G.C. In exchange, **GAINEY** was paid $100 for each delivery.

c. To conceal the scheme, **GAINEY** scanned the packages as having been delivered to the addressees when in fact they were delivered to S.P. and G.C.

d. On January 13, 2015, **GAINEY** was observed taking possession of, and attempting to deliver, a package containing approximately 3000 grams of marijuana to S.P. along her assigned route.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (Bribery)

1. Paragraphs 1 through 7 and 10 through 11 of Count 1 are hereby re-alleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. Between in or about December 2013 and January 2015, the exact dates being unknown, in the District of the Maryland, the defendant,

**HILARY GAINEY**

a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value, that is money from S.P. and G.C., in return for being influenced in the performance of an official act and being influenced to commit and aid in committing and to collude in, and allow and to make opportunity for the commission of a fraud on the United States; that is Defendant **GAINEY** used her official position as a Letter Carrier employed by USPS to divert packages containing marijuana addressed to fictitious addressees and to deliver said packages to S.P. and G.C. in exchange for payment.

All in violation of Title 18, United States Code, Sections 201 and 2.

## COUNT 3
## (Conspiracy to Distribute Marijuana)

1. Between in or about December 2013 and January 2015, the exact dates being unknown, in the District of the Maryland, and the States of California, Arizona, Florida, and elsewhere

   **HILARY GAINEY**

   the defendant herein, did knowingly, willfully and unlawfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with the intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

   All in violation of Title 18, United States Code, Sections 841, 846.

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1-3 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 3666, 21 U.S.C. § 881, and 28 U.S.C. § 2461.

2. Upon conviction of the offenses set forth in Counts 1-3, the defendant,

## HILARY GAINEY

shall forfeit to the United States of America, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 3666, 21 U.S.C. § 881, and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations, including but not limited to:

   a. For defendant **GAINEY**, a money judgment in the amount of **$10,000** in U.S. Currency.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 3666
21 U.S.C. § 881
28 U.S.C. § 2461(c)
Fed. R. Crim. P. 32.2(a)

*Rod J. Rosenstein by JDM*
ROD J. ROSENSTEIN
UNITED STATES ATTORNEY